Honorable Edward Woolery-Price Colorado County Attorney 910 Milam Columbus, Texas 78934
Re: Whether exemption for certain commodities in section 5(b) of article 6701d-11, V.T.C.S., applies to section 5(a) of article 6701d-11, V.T.C.S.
Dear Mr. Woolery-Price:
You ask a question regarding overweight trucks. Section 5(a) of article 6701d-11 makes it unlawful to operate on the public highways a commercial motor vehicle, truck-tractor, trailer, or semitrailer having a weight in excess of the specified weight limitations. It contains no express exceptions. In 1983, the legislature added section 5(b), which further provides that:
 (b) No person shall load, or cause to be loaded, a vehicle for operation on the public highways of this state with the intent to violate the weight limitations in Subsection (a) of this section. Intent to violate those limitations is presumed if the loaded vehicle exceeds the applicable gross vehicular weight limit by 15 percent or more. This subsection does not apply to the loading or causing to be loaded of an agricultural or a forestry commodity prior to the processing of the commodity. (Emphasis added).
V.T.C.S. art. 6701d-11, § 5(b).
In the context of a farmer using his own truck to transport his harvest of rice or corn on a public highway from his farm to a place to sell the product, or to have the product processed, or to store the product pending sale, you ask the following question:
 Does section 5(b), article 6701d-11, V.T.C.S., exempt the driver or owner of that vehicle, who is also the farmer . . . from section 5(a) of article 6701d-11?
 It is our opinion that section 5(b) does not exempt the driver or owner of an overloaded vehicle from the provisions of section 5(a).
The provisions of section 5(a) determine whether the operation of an overloaded truck violates article 6701d-11. A violation of section 5(b) is a different offense. Section 5(b) prohibits the loading of a truck for operation on a public highway with the intent to violate the weight limitations that are specified in section 5(a). The express provision by the legislature that section 5(b) does not apply to the loading of an agricultural or forestry commodity prior to the processing of the commodity relates only to the loading of a truck with the intent to violate the limitations of section 5(a). Cf. V.T.C.S. art. 6701d-11, § 5 1/2; § 6, subdiv. 6.
You inquire about the effect of Attorney General Opinion JM-354
(1985) on the question of whether section 5(b) of article 6701d-11 exempts a vehicle from the provisions of section 5(a) of article 6701d-11. The question asked in Attorney General OpinionJM-354 was not whether the operator of an overloaded truck would violate article 6701d-11, and it is the policy of this office to answer only the questions that are asked. Attorney General Opinion JM-354 relates solely to the owner or operator of a wood yard who has loaded or caused to be loaded a vehicle for operation on the public highways in violation of weight limits. This office expressed the opinion that the exception for a forestry commodity prior to the processing of the commodity, which exception section 5(b) creates for the offense of overloading or causing the overloading of a vehicle, does not apply to the hauling of logs or pulpwood from a wood yard under the facts presented in that opinion. The opinion deals with the question of whether logs and pulpwood leaving a wood yard are a forestry commodity prior to the processing of the commodity.
 SUMMARY
The exception in section 5(b) of article 6701d-11, V.T.C.S., for an agricultural or forestry commodity prior to the processing of the commodity does not apply to the offense of operating an overloaded vehicle under section 5(a), article 6701d-11.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Nancy Sutton Assistant Attorney General